IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02538-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| EPES LOGISTICS SERVICES, INC., | ) | |
| PALOGIX SUPPLY CHAIN SERVICES, | ) | |
| SCHNEIDER NATIONAL CARRIERS, | ) | |
| INC., and FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff William Gross alleges fraud and fraudulent conspiracy related to freight brokering against Defendants Epes Logistics Services, Inc. ("Epes"); Palogix Supply Chain Services ("Palogix"); Schneider National Carriers, Inc. ("Schneider"); and Ford Motor Company ("Ford") (collectively, "Defendants"). (ECF Nos. 1, 7.)  Plaintiff claims Defendants engaged in an illegal double-brokering scheme that both reduced his pay and harmed his business. (*See* ECF No. 7 at PageID 36–37.)  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(4) and (5).  (ECF Nos. 9, 13, 14, 15, 24.)  Plaintiff opposed the motions.  (ECF Nos. 20–22, 26.)  For the reasons explained below, the Court **GRANTS** the motions to dismiss.

### BACKGROUND

On July 31, 2024, Plaintiff sued Defendants for fraud and fraudulent conspiracy in brokering freight.  (ECF No. 1.)  On the same day, the Clerk of Court issued summonses.  (ECF No. 6-2 at PageID 52–53.)  But Plaintiff did not serve any Defendant with the original Complaint

1

or summons until at least December.  (ECF No. 9 at PageID 54; ECF No. 13-2; ECF No. 14-2; ECF No. 24 at PageID 186.)

Shortly after, Plaintiff amended his Complaint on December 22, 2024.  (ECF No. 7.)  He neither sought leave of court nor obtained written consent from Defendants to amend.  (*See id*.)  Plaintiff then served the Amended Complaint and a summons on each Defendant.  (ECF No. 13-2; ECF No. 14-2; ECF No. 15 at PageID 142.; ECF No. 24.[1])  Defendants separately moved to dismiss under Rule 12(b)(5) for deficient service of process and under Rule 12(b)(4) for insufficient process.  (ECF Nos. 9, 13, 14, 15, 24.)  They argue that Plaintiff failed to serve them timely under Rule 4(m) and that Plaintiff offers no good cause or discretionary basis for the Court to extend the service deadline.  (*Id*.)  Also, just by timely serving the Amended Complaint, Plaintiff failed to cure the untimely service of the original Complaint.  (*Id*.)

Plaintiff admits that service of the original Complaint was improper and untimely under Rule 4(m) as to each Defendant.  But he opposes Defendants' motions, citing fear of retaliation and his counsel's medical issues as good cause for a discretionary extension.  (ECF No. 26.)

The Court now addresses whether Plaintiff timely served Defendants or has shown good cause for the failure to do so, or whether he deserves a discretionary extension.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to bring a motion to dismiss for "insufficient service of process."  Rule 12(b)(5) motions challenge how the plaintiff served the complaint.  *Kuilan v. Rutherford Cnty. Sheriff's Dep't*, No. 3:16-CV-01126, 2018 WL 3753224, at *3 (M.D. Tenn. Aug. 8, 2018).  And motions under Rule 12(b)(4) challenge the form and

---

[1] Unlike the other Defendants, Schneider did not receive separate service of the original Complaint.  Instead, he received "copies of Plaintiff's Complaint, Amended Complaint, and related Summonses for the first time" in March 2025.  (ECF No. 24-1 at PageID 186.)

contents of the materials served, including the complaint and summons.  *Id*.  Simply put, Federal

Rule of Civil Procedure 12(b)(4) allows a party to move to dismiss a case for "insufficient

process," meaning *what* the plaintiff served, whereas Rule 12(b)(5) is for "insufficient service of

process," or *how* the plaintiff served process.  (*Id*.)  Based on Defendants' arguments, the Court

addresses the motions to dismiss as falling under Rule 12(b)(5).[2]

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90

days after a complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against the defendant."  In the alternative, the court

must "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  But if the

plaintiff can show "good cause" for the failure to serve the defendant properly, the court must

"extend the time for service for an appropriate period."  *Id*.  Moreover, Rule 4(i) states that,

"proof of service must be made to the court," unless the defendant waives this requirement.  Fed.

R. Civ. P. 4(i).

The Court will begin its analysis with whether Plaintiff complied with Rule 4 before

addressing whether there is good cause for an extension.

---

[2] Epes, Palogix, and Ford argue their motions under both Rule 12(b)(4) and 12(b)(5).  (ECF No. 13 at PageID 64; ECF No.14 at PageID 105; ECF No.15 at PageID 141.)  But Epes and Ford do not actually raise 12(b)(4) arguments here.  Instead, these Defendants argue that Plaintiff failed to serve them within 90 days, as set out by Rule 4(m).  This argument challenges *service* of process, and not process itself, so it only raises a Rule 12(b)(5) challenge.

On the other hand, Palogix argues that process was insufficient because Plaintiff did not use its correct name in the Complaint and summons.  (ECF No. 14-1 at PageID 112.)  Defendant's correct legal name is "Palogix Supply Chain Services, LLC," but Plaintiff incorrectly named it as "Palogix Supply Chain Services."  (*Id*.; *see also* ECF No. 7.)  Because the Court dismisses the action under Rule 12(b)(5), it does not address this naming error here.

I.      **Service of Process of the Original Complaint**

Under Rule 4(m), a plaintiff has 90 days to serve a complaint on a defendant.  Fed. R.

Civ. P. 4(m).  Plaintiff filed the original Complaint on July 31, 2024, meaning the Rule 4(m)

deadline for service was October 29, 2024.  (ECF No. 1.)  But Plaintiff did not properly serve

any Defendant until over one month later.  Plaintiff served Defendants Ford, Epes, and Palogix

in December 2024.  (ECF No. 9 at PageID 54; ECF No. 13-2; ECF No. 14-2.)  And he served

Schneider in March 2025—over 200 days after suing here and nearly five months past the 90-

day service period.  (ECF No. 24 at PageID 186.)  Plus, the record reflects that Plaintiff failed to

file proof of service.[3]  (ECF No. 24-1 at PageID 188.)  *See* Fed. R. Civ. P. 4(i).  Accordingly,

and as the Parties agree, the Court finds Plaintiff failed to serve Defendants properly under Rule

4(m).  As a result, unless the Court finds good cause to extend the service deadlines or uses its

discretion to do so, Plaintiff's suit is subject to dismissal.

II.     **Good Cause**

Having failed to timely serve Defendants, Plaintiff now argues there is "good cause" for

the delay.  (ECF No. 20 at PageID 157; ECF No. 21 at PageID 165; No. 22 at PageID 174; ECF

No. 26 at PageID 227.)  If Plaintiff shows good cause for the failure, the Court "must extend the

time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "Good cause" is "a reasonable,

diligent effort to timely effect service of process."  *Thul v. Haaland*, No. 22-5440, 2023 WL

6470733, at *2 (6th Cir. Mar. 1, 2023), cert. denied, 144 S. Ct. 96 (2023).  Good cause arises

when "something outside the plaintiff's control prevents timely service."  *Savoie v. City of E.*

*Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022).  This

---

[3] For this reason, the Court relies on the Parties' account of the facts in their briefs and
declarations as to when they received service.

includes (1) when a defendant purposefully evades service of process, (2) when the court has

made an error, or (3) when a pro se plaintiff has a serious illness.  *Id*. (citing Sixth Circuit cases).

None of these circumstances apply here.  First, Defendants did not evade service, and

Plaintiff does not claim they did.  (*See* ECF No. 20 at PageID 157; ECF No. 21 at PageID 165;

No. 22 at PageID 174; ECF No. 26 at PageID 227.)  In fact, Plaintiff knew the proper addresses

for Defendants' registered agents and still waited to serve them until after the 90-day period

expired.  (*See* ECF No. 1 at PageID 2–3; ECF No. 7 at PageID 30–31.) (ECF No. 8-3.)  Second,

the Court made no error that affected service, and the Parties do not argue differently.  (*See*

*generally* ECF Nos. 20–22, 26.)  Third, Plaintiff is not pro se, so possible illness would not be a

basis for extending service.  And in any case, it was not Plaintiff but Plaintiff's counsel who was

ill.

And Plaintiff does not persuasively argue that some other event "outside [his] control

prevent[ed] timely service."  *See Savoie*, 2022 WL 3643339, at *4.  Instead, Plaintiff argues that

"excusable neglect" is enough to show "good cause."  (ECF No. 20 at PageID 157–58; ECF No.

21 at PageID 165–66; No. 22 at PageID 174–75; ECF No. 26 at PageID 227–28.)  And Plaintiff

argues that his fear of retaliation, financial hardship, and his counsel's heath issues are excusable

neglect.[4]  (ECF No. 20 at PageID 155–57, 59; ECF No. 21 at PageID 163–64, 167–68; ECF No.

22 at PageID 172–73, 177; ECF No. 26 at PageID 125-26, 230.)  Even though these explanations

appear sincere, they fail under the law.  *See Thul* 2023 WL 6470733, at *2 (defining good cause);

---

[4] Plaintiff is an independent business owner with seven employees.  (ECF No. at PageID 9.)  He
allegedly feared serving Defendants because it could result in a sudden loss of employment for
his employees.  (ECF No. 20 at PageID 157.)  But Plaintiff has cited no cases, nor has the Court
found any, that support this basis as establishing good cause.  *See Savoie*, 2022 WL 3643339, at
*4; *Kong v. Chatham Vill. HOA,* No. 2:23-CV-02405-TLP-ATC, 2024 WL 4329143, at *6
(W.D. Tenn. Aug. 30, 2024).

*Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (6th Cir. 2000) (unpublished) ("Here, because plaintiffs' lawyer was not admitted to the hospital until the last week of the 120-day period, and because he made no effort to effect service during that time, or to arrange for someone else to effect service, he cannot show good cause.").

Plaintiff's claims about his counsel's health problems are unclear. After suing in July, Plaintiff's counsel claims that she was ill between August and November, being hospitalized for part of that time. And yet she also claims that she "still managed a substantial trial practice in the state and federal courts, including several criminal cases that required an inordinate amount of time." (ECF No. 26 at PageID 226.) But the record lacks any evidence showing that Plaintiff's counsel made an effort to serve Defendants or to have someone else do so during her illness. *See Stewart*, 238 F.3d 424. And counsel claims she kept working on other cases during this same period, undermining the argument that her illness prevented timely service. (ECF No. 20 at PageID 156; ECF No. 21 at PageID 164; ECF No. 22 at PageID 173; ECF No. 26 at PageID 226.)

Counsel also states her health issues resolved in November 2024, yet Plaintiff did not serve Ford, Epes, or Palogix until December or Schneider until March 2025. (*See* ECF No. 20 at PageID 155–56; ECF No. 21 at PageID 164; ECF No. 22 at PageID 173; ECF No. 26 at PageID 226.) And lastly, at least as to Schneider, Epes had terminated Plaintiff in December 2024, which would have resolved any fear of retaliation well before he served Schneider in March. (ECF No. 7 at PageID 36; ECF No. 24 at PageID 186.) For these reasons, the Court finds that Plaintiff has not shown good cause to extend the service deadline under Rule 4(m).

## III.    Discretionary Extension

Even absent good cause, Plaintiff argues the Court should use its discretion to extend the time to serve Schneider.  (ECF No. 20 at PageID 156–57; ECF No. 21 at PageID 165; ECF No. 22 at PageID 174; ECF No. 26 at PageID 227.)  *See* Fed. R. Civ. P. 4 (authorizing a court to "order that service be made within a specified time" rather than dismissing the case); *Kong,* 2024 WL 4329143, at *6 (analyzing when discretionary extensions are proper).  Courts in the Sixth Circuit consider seven factors in deciding whether to grant an extension absent good cause: whether (1) "a significant extension of time was required"; (2) "an extension would prejudice the defendant, other than the prejudice of defending the suit"; (3) "the defendant had actual notice of the lawsuit"; (4) the court's refusal to extend time for service prejudices the plaintiff, such as by time-barring the claim; (5) the plaintiff made "good faith efforts" to properly serve the defendant; (6) the plaintiff is a pro se litigant deserving additional latitude to correct defects; and (7) there are equitable factors that might be relevant to the unique circumstances of the case. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).  The Court finds these factors do not support a discretionary extension for service here.

Under the first factor, the Court considers the length of the requested extension.  Plaintiff served Defendants Ford, Epes, and Palogix with the original Complaint on December 13, 9, and 17, 2024.  (ECF No. 9 at PageID 54; ECF No. 13-2; ECF No. 14-2.)  Plaintiff thus exceeded the filing deadline by over one month.  *See Oakland Physicians*, 44 F.4th at 571 (explaining that a 50-day delay was "not a 'very long time'" but that the other factors could still outweigh granting an extension).  And though this month-long delay is somewhat short, Plaintiff failed to timely request an extension from the Court by moving to extend the filing deadline.  *See id.*  And so, these delays are a neutral factor, which the Court will balance with the other factors.  *See id.*

What is more, Plaintiff served Schneider on March 12, 2025—224 days after filing the original

complaint and requiring a nearly five-month extension.  (ECF No. 24 at PageID 186; ECF No.

26 at PageID 226.)  This delay is substantial and extends well beyond the 90-day requirement of

Rule 4(m).  As to Schneider, it weighs against granting an extension.

Under the second factor, the court assesses whether an extension would prejudice the

defendant.  *Oakland Physicians*, 44 F.4th at 569.  The Court does not consider the inherent

prejudice in defending the lawsuit as a reason to extend the service deadline.  *See id.*  And

Defendants have shown no specific or substantial harm that they would suffer as a result of

granting an extension.  *Id.* at 571 (recognizing that a loss of records or witnesses may show

prejudice).  (*See generally* ECF Nos. 9, 13–15, 24.)  This factor, therefore, favors an extension.

The third factor, which is whether the defendant had actual knowledge of the lawsuit,

favors Defendants.  *See Oakland Physicians*, 44 F.4th at 569.  Plaintiff concedes that Defendants

lacked actual knowledge of the lawsuit but claims that they knew of the fraudulent activity

giving rise to the action.  (ECF No. 20 at PageID 159; ECF No. 21 at PageID 167; ECF No. 22 at

PageID 176; ECF No. 26 at 229.)  This argument fails for three reasons.  First, whether a

defendant knew about the facts underlying the lawsuit does not relieve a plaintiff from its

obligation to serve the defendant.  *See Kong,* 2024 WL 4329143, at *7.  Second, Defendant's

knowledge of the alleged fraudulent activity is not the same as having knowledge of a lawsuit.

Third, even if Defendants knew about this action, "actual knowledge of a lawsuit [will not]

substitute for proper service."  *Id.* at *5 (citing *Hobson v. Billotte,* No. 3:21-00405, 2021 WL

4342329, at *6 (M.D. Tenn. Sept. 23, 2021)).  This factor weighs against an extension.

Under the fourth factor, the Court considers whether refusing to extend time for service

would substantially prejudice the plaintiff, such as causing the claims to be time-barred.  *See*

*Oakland Physicians*, 44 F.4th at 569.  Based on Plaintiff's calculation of the statute of

limitations, were the Court to dismiss the lawsuit without prejudice, he could refile.[5]  (ECF No.

20 at PageID 156; ECF No. 21 at PageID 164; ECF No. 22 at PageID 174; ECF No. 26 at

PageID 227.)  And Plaintiff does not argue that any other kind of prejudice may arise if the Court

dismissed his claims.[6]  The Court therefore finds this factor favors Defendants.

Under the fifth factor, the Court considers whether Plaintiff made a good-faith effort to

properly serve Defendants.  *See Oakland Physicians*, 44 F.4th at 569.  Plaintiff's counsel argues

that her illness subsided in November 2024, so she made a good-faith effort by serving

Defendants in December 2024 and March 2025.  (ECF No. 26 at PageID 230.)  But as to every

Defendant, service occurred beyond 90 days and there is no evidence that Plaintiff attempted

service during the 90-day window, even though Plaintiff had the addresses for Defendants.  (ECF

No. 20 at PageID 158; ECF No. 21 at PageID 166; ECF No. 22 at PageID 176; ECF No. 26 at

PageID 229.)  The Court thus does not find a good-faith effort here.  This is especially true since

Plaintiff's counsel was still working on other cases and "manag[ing] a substantial trial practice"

during her illness.  (ECF No. 20 at PageID 156; ECF No. 21 at PageID 164; ECF No. 22 at

PageID 173; ECF No. 26 at PageID 226.)  Plus, Plaintiff's failure to name Palogix and Schnieder

correctly makes it even harder for the Court to find that Plaintiff made a good-faith attempt to

---

[5] Plaintiff explains that his pay decreased and he "suspected the Defendants were engaged in fraud" in January 2023, which meant he filed the July 2024 Complaint "well within the three (3) year statute of limitations for fraud." (ECF No. 7 at PageID 33–34; ECF No. 20 at PageID 156; ECF No. 21 at PageID 164; ECF No. 22 at PageID 174; ECF No. 26 at PageID 227.)
[6] Plaintiff argues that, "[i]f litigation is delayed, the Plaintiff will continue to fear reprisals from the corporate defendants and accrue irreparable harm." (ECF No. 26 at PageID 230.)  But in support of this fear, he only loosely mentions messages from Epes that allegedly "threaten[] his freedom and livelihood." (*Id*.)  As explained above, Epes terminated Plaintiff in December 2024, so any threats or fear of retaliation to his employment is minimal. (*Id*.; ECF No. 7 at PageID 38.)

serve them.[7]  And service on Schneider did not occur until much later than service on the other

Defendants even though Plaintiff had the address for Defendant's registered agent.  (*See* ECF

No. 1 at PageID 2.)  These facts show that the delay in serving each Defendant was in Plaintiff's

control, thus disfavoring an extension.  *Savoie*, 2022 WL 3643339, at *5 (affirming dismissal

under Rule 4(m), even though the factors were split, because "most, if not all of [Plaintiff's]

troubles were their own").

The Parties do not dispute that the sixth and seventh factors favor Defendants because

Plaintiff is not pro se.  (ECF No. 24; ECF No. 26.)  And Plaintiff does not argue that any other

equitable factors favoring him exist.  (ECF No. 26.)  In fact, Plaintiff does not address these

issues at all.  (*Id.*)

Weighing these seven factors, which primarily favor Defendants, the Court declines to

extend the deadline for service.

## IV.     Amendment Does Not Cure

Finally, Plaintiff argues that timely serving the Amended Complaint remedies the

untimely service of the original Complaint.  (ECF No. 26 at PageID 230.)  But properly serving

an amended complaint cannot cure the defective service of the original.  Under Rule 4(m), a

plaintiff must perfect service of a complaint—and not just an amended complaint—within 90

days.  *See* Fed. R. Civ. P. 4(m).  And later serving an amended pleading does not excuse that

failure.  *See Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) ("Rule 4 further

---

[7] Plaintiff incorrectly named "Palogix Supply Chain Services, LLC" as "Palogix Supply Chain Services."  (ECF No 14 at PageID 105.)  And Plaintiff correctly named "Schneider National Carriers, Inc." in its original Complaint and summons but served "Schneider Logistics, Inc." (ECF No. 26 at PageID 229–30.)  Because the names were incorrect, Plaintiff did not comply with Rule 4.  *See Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (explaining that Rule 4 is not a "mindless technicality"); *Briksza v. Fontana*, No. 2:23-CV-11487, 2024 WL 443488, at *12 (E.D. Mich. Feb. 1, 2024).

requires a plaintiff to perfect service on a defendant within [90] days of filing a complaint naming that defendant.  Fed. R. Civ. P. 4(m).  A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."); *Rankin v. Jackson Madison Cnty. Gen. Hosp.*, No. 117CV01050STAEGB, 2018 WL 934932, at *2 (W.D. Tenn. Feb. 1, 2018), report and recommendation adopted, No. 17-1050-STA-EGB, 2018 WL 934874 (W.D. Tenn. Feb. 16, 2018) ("Plaintiff cannot use the filing of her Amended Complaint as the beginning of the 90 day time limit for service."); *Hollon v. HCA Healthcare, Inc.*, No. 3:22-CV-52-KKC, 2024 WL 2958945, at *2 (E.D. Ky. June 12, 2024) ("Filing an amended complaint does not restart Rule 4(m)'s 90-day clock with respect to defendants already named in the prior complaint.").  The Court therefore finds the Amended Complaint does not cure Plaintiff's untimely service of the original Complaint, and the action is still subject to dismissal.

## CONCLUSION

For the reasons explained, Plaintiff did not properly serve Defendants, and neither good cause nor the factors for discretionary extensions justify giving Plaintiff more time to serve Defendant here.  As a result, the Court **GRANTS** the motions to dismiss and **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED**, this 14th day of July 2025.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE